### J. W. MORTON v. THE STATE.

No. 9376. Delivered June 24, 1925.

Reinstated. Delivered October 21, 1925.

1.—Possessing Intoxicating Liquor—Appeal Bond—Defective—Cause Dismissed.

Where an appeal bond fails to describe the offense of which the appellant stands charged, this court is without jurisdiction to pass upon the merits of the appeal, and for that reason this cause must be dismissed. Appellant is granted fifteen days in which to file in the trial court a new and sufficient appeal bond. See Art. 923, C. C. P.

2.—Same—Appeal Bond Filed—Cause Reinstated.

· Having filed a good and sufficient appeal bond within the time granted by this court, the appeal is reinstated, and the dismissal will be set aside, and the case will be considered on its merits.

3.—Same—Evidence—Held Sufficient—To Support Conviction.

Where on a trial for possession of intoxicating liquor for the purpose of sale, the testimony discloses that appellant was seen sitting in his automobile, and on being approached by officers who requested permission to search his car, he refused such permission, but stated that there was whisky in the

101 T. C.—37.

car, and upon search being made by the officers twelve quarts were found under the rear seat, the conviction is amply supported.

#### 4.—Same—Charge of Court—Requested Charge—Properly Refused.

Where the defensive theory is fully and correctly submitted in the main charge of the court, a requested special charge covering the same issue is properly refused, and especially so when such requested charge does not pre- sent a correct statement of the law.

#### 5.—Same—Evidence—Where Conflicting—Province of Jury.

Where under the evidence of the state an offense is established against the appellant beyond a reasonable doubt, and the evidence of the appellant, if accepted as true would exculpate him, the conflict is a question for the jury, under proper instructions by the trial court, to determine and in such cases this court will not disturb the verdict of the jury.

Appeal from the District Court of Bowie county. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction of the possession of intoxicating liquor for the purpose of sale; penalty, four years in the penitentiary.

The opinion states the case.

*Geo. W. Johnson,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The conviction is for the unlaw- ful possession of intoxicating liquor; punishment fixed at confine- ment in the penitentiary for a period of four years.

The appeal bond is insufficient to give this court jurisdiction to pass upon the merits of the case in that the bond fails to describe the offense of which the appellant stands charged. We have there- fore no choice but to dismiss the appeal.

Permission is granted the appellant to file in the trial court a new bond in compliance with Art. 903, C. C. P., and to forward to this court a duly certified copy thereof within fifteen days from this date, whereupon the dismissal will be set aside and the case re- instated; otherwise the order of dismissal will become final. See Art. 923, C. C. P.

#### ON MOTION FOR REHEARING.

HAWKINS, Judge.—Conviction is for the unlawful possession of intoxicating liquor, punishment being fixed at confinement in the penitentiary for a period of four years.

The appeal was dismissed at a former term of court because the appeal bond was insufficient. A proper bond has been filed within the time allowed by the order of dismissal; that order is set aside, the appeal reinstated, and the case will now have consideration upon its merits.

On the day appellant was arrested he was sitting in the front seat of his automobile which was parked near a ''creosoting plant.'' When the officers informed him they desired to search his car to ascertain if whiskey was in it he declined to permit the search in the absence of a warrant authorizing it. According to the officers' testimony, when they told him they intended to make the search appellant placed his hand upon the back seat of the car and told them he had whiskey there, but declined to permit the search to be made. The officers found under the back seat of the car twelve quarts of whiskey in quart fruit jars and a vacant place indicating that another quart had been taken out. Upon the trial appellant denied telling the officers he had whiskey under the back seat of his car; he also denied any knowledge of its presence. He claims that while repairing a puncture in the town not far from the ''creosoting plant'' a man by the name of Palford said he wanted to borrow his car to drive out in the country for a short time; that after the puncture was repaired he let Palford have his car; that he was gone some thirty minutes; that when Palford returned with the car he went with appellant to the ''creosoting plant''; that as the officers approached the car Palford left saying he would be back in a few minutes, but that he disappeared and appellant had not seen him since that time and had been unable to learn his whereabouts. Witnesses who claimed to have assisted appellant in repairing the puncture testified that they secured the tools for that purpose from under the back seat; that no whiskey was in the car then. They also supported appellant's testimony to the extent that some man with whom they were not acquainted borrowed appellant's car and was gone with it for about thirty minutes, and that when he returned appellant got in the car with him and the two then left together.

Upon the defensive theory the court instructed the jury if they believed Palford borrowed appellant's automobile and put the whiskey under the back seat and appellant did not know it was there, or if they had a reasonable doubt as to whether such was the fact they would acquit appellant; or if they believed any one other than Palford put the whiskey under the back seat and appellant did not know of its presence, or if they had a reasonable doubt thereof, they should acquit. An exception was presented to the charge because it did not contain a definition of ''possession.'' If there was basis for such objection at the time it was urged the charge

must have been corrected in response thereto because as shown by the record the charge contains such definition which is in accord with the former announcements of this court upon the subject.

Appellant requested a special charge instructing the jury if they believed Palford put the whiskey in the car or someone put it in the car for him then the whiskey would be in the possession of Palford and not in the possession of appellant, even if appellant knew of these facts. Complaint is directed at the refusal of this charge. The charge given on this subject was a pertinent application of the law to the facts made by the testimony. It was appellant's contention that he had no knowledge the whiskey was in the car, but that Palford had placed it there or had it placed there without appellant's knowledge or consent. The requested charge was not pertinent upon the issue as raised by the evidence and does not necessarily contain a correct statement of the law. Although some one other than appellant may have placed the liquor in the car, yet if appellant knew it was there his subsequent conduct with reference to it might be such as to charge him with possession of it.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*